# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

THEODORE JEZOWSKI and
STEPHANIE JEZOWSKI,

    *Plaintiff*,

v.

ARENAC, COUNTY OF; TINA
THOMPSON, *in both her official capacity
and individually*; ARENAC COUNTY
DEPARTMENT OF HEALTH AND
HUMAN SERVICES; JOSETT GRACEY, *in
both her official capacity and individually*;
MATT ENGSTER, *in both his official capacity
and individually*; KIM BEJCEK, *in both her official
capacity and individually*; DEB BONNAU, *in both
her official capacity and individually*; BRIAN MILLIKIN,
*Supervisor, in both his official capacity and individually;*
STEVE YAGER, *Children's Services Agency Executive
Director, in both his official capacity and individually*;
ORLENE HAWKS, *Supervisor, in both her official
capacity and individually*; TOBIN MILLER, *Office of
Children's Ombudsman Investigator, in both his official
capacity and individually*; ARENAC COUNTY SHERIFF
DEPARTMENT; RANDY SCHABEL, *Deputy, in both
his official capacity and individually*; RYAN SCHMIDT,
*Foster Parent and Gladwin County Sheriff Deputy, in both
his official capacity and individually*; DOE, 1-50, *Inclusive*,

    *Defendants*.

CASE NO: 16-CV-13242

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE PATRICIA MORRIS

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the following parties be *sua sponte* **DISMISSED** because the complaint fails to state a claim upon which relief can be granted

against them: Defendants Arenac County, Arenac County Department of Health and Human Services, Josett Gracey, Matt Engster, Kim Bejcek, Deb Bonnau, Brian Millikin, Steve Yager, Orlene Hawks, Tobin Miller, Arenac County Sheriff Department, Ryan Schmidt, and the Doe Defendants. If this Report is adopted, the only remaining Defendants would be Tina Thompson and Randy Schabel, in their individual capacities.

## II. REPORT

### A. Introduction

On September 8, 2016, Plaintiffs Theodore and Stephanie Jezowski filed this *pro se* action. (Doc. 1.) The case was referred to the undersigned magistrate judge for pretrial proceedings. (Doc. 4.) Plaintiff's application to proceed without prepayment of fees was granted pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1). (Doc. 5.) After screening the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), I find that the case is ready for report and recommendation.

### B. Screening Procedure & Governing Law

In enacting the original *in forma pauperis* ("IFP") statute, Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). Therefore, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

2

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976).

### C. The Complaint

Plaintiffs' complaint recites that on September 10, 2014, their child Michael went missing and how Plaintiffs went looking for the child. In the meantime, the Arenac County Sheriff's office received a call about a child "wandering around[,]" the child was found and Deputy Schabel took

3

the child to Plaintiffs' home "despite having been told by Michael that no one was home." (Doc. 1 at 3.) The child, Michael, was taken to the Sheriff's office "where they proceeded to question him extensively and detained him for almost an hour and a half without a parent or lawyer present." (*Id*.) Plaintiffs contend that the "unreasonable amount of time and his inability to leave constitutes an arrest and no warrant was presented at any time." (*Id*.) Deputies then called Plaintiff Theodore Jezowski, Sr. ("Mr. Jezowski"), since Mr. Jezowski "was already on his way there to report Michael missing, he was there in under 10 minutes." (*Id*.) When Mr. Jezowski arrived, "Deputies had already called in Tina Thompson [of Child protective Services] whom had also been involved in the questioning of Michael." (*Id*.) "Deputy Schabel; and Tina Thompson then followed [Mr. Jezowski] to the home...Tina Thompson demanded to see the inside of the home." (Doc. 1 at 4.) Plaintiffs indicate that no reasons were given nor was any arrest warrant or warrant to search the home presented to them. (*Id.*) Plaintiffs cite a "great distrust of the Arenac office" because of their experience in a "previous case with CPS." (*Id*.) Plaintiff Stephanie Jezowski ("Mrs. Jezowski") asked for a warrant. Plaintiffs were told they could not leave and "felt that they were under arrest and no warrant was presented." (*Id*.) Mrs. Jezowski "was threatened with arrest if she called 911" and "[a]fter a protracted discussion with Tina Thompson and Deputy Schabel where Deputy Schabel tried to cite CPS policies as laws and why they were allowed to enter the home, Tina Thompson went and generated a report with allegations that cited the first illegal search and contrary to requirements of state laws, she did not inform the judge there may be alternate placement and options available to prevent removal as required by state law." (*Id*.) Although Mrs. Jezowski "stated that she would find an alternative place for the children to stay while the situation was discussed and a solution reached[,] Tina Thompson stated that the only way the children were

4

leaving was with her and that if she was not given entry into the home, she would remove the children." (*Id.*) "Tina Thompson then completed the paperwork for a removal petition that also included false information and swore that facts were accurate." (*Id.*) "The Removal Order was then used to unlawfully enter the home and search it when the only reason to enter the home stated on the petition that was permitted was to remove the children." (Doc. 1 at 5.) "Five days after the removal petition was filed, it was amended to include Termination of Parental Rights which was not allowed under state law and a previous State Supreme Court Ruling." (*Id.*) "Josett Gracey was responsible for preparing the case plan according to the requirements of the law and failed to do so." (*Id.*) Although Plaintiff sought assistance from others, including the Office of Children's Ombudsman, Tobin Miller, Kim Bejcek, Steve Yager, Bill Schuette, and Governor Snyder, they "failed to make sure [] employees followed...state law[,]" and the termination hearing was held. (Doc. 1 at 5, 6.) "Foster parents Gail McConnell and Ryan Schmidt were at the hearings" and should have understood that "crimes were being committed[,]" especially since Ryan Schmidt "is a Law Enforcement Officer." (Doc. 1 at 5-6.) On December 4, 2014, Plaintiffs' parental rights were terminated. (Doc. 1 at 6.)

Based on the above facts, Plaintiffs aver the following claims under 42 U.S.C. §1983: (1) violation of the Fourth Amendment based on unreasonable and warrantless searches; (2) violation of the Fourteenth Amendment's expectation of privacy; (3) violation of the Fourteenth Amendment based on a conspiracy to provide false testimony and illegally obtained evidence to hold Plaintiffs under arrest and unlawfully seize five children; (4) violation of the Fourteenth Amendment based on a conspiracy to interfere with Plaintiff's rights under 42 U.S.C. §1985; (5) "Monnell [sic]

5

Related Claims" against the Defendant County for its policies regarding removal of children and use of trickery and false testimony and for its failure to train employees adequately.(Doc 1 at 7-9.)

   D.   **Analysis & Conclusions**

      1.   **Arenac County, Arenac County Department of Health and Human Services, and Arenac County Sheriff Department**

It is well-settled that a county department is not a legal entity capable of being sued, nor is it a "person" for purposes of a § 1983 action. *See Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997); *Haverstick Enter., Inc. v. Financial Fed. Credit, Inc.,* 803 F. Supp. 1251, 1256 (E.D. Mich. 1992). Thus, the Arenac County Department of Health and Human Services and the Arenac County Sheriff Department should be dismissed.

Local governments and agencies, however, may be sued under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or is "visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). The policy or custom must "cause[] an employee to violate another's constitutional rights." *Id.* at 692 (internal quotations omitted). Thus local governments may not be held liable under the doctrine of *respondeat superior* under section 1983. *Id.* at 691. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. This extends to employees of a local government or agency sued in their official capacity because "[a] suit against an individual

6

in his official capacity is the equivalent of a suit against the government entity." *Mathews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

Thus to satisfy *Monell*, Plaintiffs must first establish a constitutional violation and second show that the violation was the result of a custom or policy adopted by the County. *Monell*, 436 U.S. at 690. The Sixth Circuit has held that to satisfy the second requirement "a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citing *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)). Here, Plaintiffs have not identified particular polices and instead have made only conclusory allegations that appear to rest on an erroneous syllogism: employees of the county gave false testimony and treated us unfairly; thus, the county must have a policy requiring them to testify falsely and treat us unfairly. This is not sufficient to state a claim under *Monell. See, e.g.*, *Krusell v. Wallin*, No. 1:15-CV-1159, 2016 WL 447322, at *3 (W.D. Mich. Feb. 5, 2016), (citing *Bilder v. City of Akron*, No. 9204310, 1993 WL 394595, at *2 (6th Cir. oct. 6, 1993) (affirming dismissal where allegation of custom or policy was conclusory)). Accordingly, I suggest that all claims against these three Defendants are subject to *sua sponte* dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 2. Doe Defendants

When managing cases involving *pro se* litigants, the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation. However, the Court must also balance the defendant's right to a fair and timely resolution of the litigation, and therefore *pro se* litigants are not to be accorded any special

consideration when they fail to adhere to readily-comprehended court deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Plaintiffs in the instant complaint do not identify any action done by any Defendant of an unknown name. Consequently, Plaintiffs have not actually sued any Doe Defendants yet their complaint's caption refers to Doe Defendants 1-50.

Rule 41(b) of the Federal Rules of Civil Procedure gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion County Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted).

Defendants generally have a right to a fair and timely resolution of the litigation, *Jourdan*, 951 F.2d at 110, and this Court has the duty to expeditiously manage its docket. In addition, "[i]n general, the use of unnamed defendants is not favored in the federal courts." *Haddad v. Fromson*, 154 F. Supp. 2d 1085, 1093 (W.D. Mich. 2001). Dismissal of Doe defendants is proper where a plaintiff fails to identify and serve any Doe defendants within the 120 days provided for in Rule 4(m). *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 345 (6th Cir. 2007) (declining to find constructive notice where the plaintiff never substituted real names for the Doe defendants); *Searcy v. County of Oakland, 735 F. Supp. 2d 759, 771* (E.D. Mich. 2010) ("Rule 4(m) applies equally to the pseudonymous defendants.")

Since Plaintiffs have failed to allege any claims against any unknown Defendants, and they have failed to identify and serve any Doe Defendants within the 120 days, I suggest that the most appropriate course of action consistent with the purposes of Rule 41 is to *sua sponte* dismiss the claims against the Doe Defendants without prejudice for failure to prosecute and failure to state a claim.

### 3. Official Capacity claims

A lawsuit "against a governmental officer 'in his official capacity' is the same as a suit against the entity of which the officer is an agent." *McMillian v. Monroe County, Ala.*, 520 U.S. 781, 785 n.2 (1997) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Therefore, suing employees of state agencies or their political subdivisions in an official capacity is the same as suing the State of Michigan. The law is clear that regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts if the state has not waived immunity and Congress has not expressly abrogated Eleventh

Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Since Congress has not abrogated Eleventh Amendment immunity by statute or expressly in § 1983, *see Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993), and Michigan has not consented to suit, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), I suggest that the claims against Defendants in their official capacity are barred by Eleventh Amendment immunity and should be dismissed.

### 4. Individual liability

Section 1983 provides a cause of action for redress against persons acting under color of law for "deprivation[s] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. A claim under section 1983 therefore has two elements: "'(1) the defendant must be acting under the color of state law, and (2) the offending conduct must deprive the plaintiff of rights secured by federal law.'" *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008) (quoting *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)). Plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009); *see also Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976) (a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant).

In the instant complaint, there is no allegation of specific conduct of any of the following Defendants that is alleged to have caused the injuries Plaintiffs suffered, i.e., searches and removal of their children: Josett Gracey, Matt Engster, Kim Bejcek, Deb Bonnau, Brian Millikin, Steve

10

Yager, Orlene Hawks, Tobin Miller, Randy Schabel, and Ryan Schmidt. Furthermore, to the extent these defendants were named individually because of their supervisory roles, I suggest dismissal is still appropriate because a supervisor cannot be held liable under section 1983 absent a showing that the supervisor personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See, e.g., Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir. 1982). Here, there are no allegations that any of them did so.

### 5. Conclusion

For the reasons stated above, I suggest that Defendants Arenac County, Arenac County Department of Health and Human Services, Josett Gracey, Matt Engster, Kim Bejcek, Deb Bonnau, Brian Millikin, Steve Yager, Orlene Hawks, Tobin Miller, Arenac County Sheriff Department, Ryan Schmidt, and the Doe Defendants be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiffs have failed to state a claim upon which relief can be granted against them. If this Report is adopted, the only remaining Defendants would be Tina Thompson and Randy Schabel, each sued in their individual capacities.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right

11

of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  May 15, 2017          S/ PATRICIA T. MORRIS
                                       Patricia T. Morris
                                       United States Magistrate Judge

**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Plaintiffs at 1200 Lake Lansing Road, Lansing, MI 48906.

Date: May 15, 2017                           By s/Kristen Castaneda
                                              Case Manager